UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ORLANDO LOPEZ, :
        Plaintiff :
         :
    v. : No. 5:24-cv-1750
         :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY, :
        Defendant :
_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 6 - Granted**

**Joseph F. Leeson, Jr.**          **June 6, 2024**
**United States District Judge**

## I.    INTRODUCTION

This case arises out of an automobile accident. When Orlando Lopez pursued underinsured motorist benefits through his insurer, State Farm offered $100,000.00 to settle. In response, Lopez brought suit for bad faith and breach of contract. State Farm now moves to dismiss the bad faith count. For the following reasons, the Court will grant the motion.

## II.    BACKGROUND

Lopez was injured in an accident on November 22, 2023. ECF No. 1, Compl. ¶ 7. The accident occurred when another driver negligently ran a red light and struck Lopez's car. *Id.* He was hospitalized for four days and incurred medical expenses as a result. *Id.* ¶¶ 16, 20. He sustained multiple injuries, several of which are predicted to be permanent. *Id.* ¶ 17. Since the other driver was uninsured at the time of the accident, Lopez sought underinsured motorist coverage through State Farm. *Id.* ¶¶ 11, 31-32. In March of 2024, Lopez sent documents to State Farm, including 586 pages of medical records, as well as various photos of his injuries and the

damage to his car. *Id.* ¶ 31. On April 23, 2024, Lopez was advised of the limits of his underinsured motorist policy and demanded the limits of that policy. *Id.* ¶¶ 32-33. The next day, April 24, 2024, State Farm offered $100,000.00 to settle the claim. *Id.* ¶ 36.

Lopez then rejected the offer and filed a complaint that same day, April 24, 2024. State Farm filed a motion to dismiss on May 22, 2024, and Lopez filed a response on May 27, 2024.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Bad Faith - Review of Applicable Law

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

### IV. DISCUSSION

Lopez's Complaint largely consists of boilerplate statements. For instance, the Complaint alleges that State Farm acted in bad faith by failing "to properly investigate Mr. Lopez's claim," "consider the evidence supplied by Mr. Lopez," and "pay all sums of money owed to Mr. Lopez" but offers no specific facts to that effect. Compl. ¶¶ 43(b), (c), (m). The few factual averments in the Complaint are the $100,000.00 settlement offer, the injuries sustained by Lopez, and the

delay of about two months in extending the offer.[1] *Id.* at ¶¶ 36, 27, 43(g). These facts, without more, are insufficient to plead bad faith. These averments amount to little more than a mere disagreement over State Farm's value of the claim, which Courts have consistently held is insufficient to state a claim for bad faith. *See Litman v. GEICO Cas. Co.*, No. 22-CV-04530, 2023 WL 8091982, at *3 (E.D. Pa. Nov. 21, 2023) ("It is not unusual that the parties would disagree over the value of Plaintiffs' UIM claim, and GEICO's failure to offer Plaintiffs' their demanded policy limits cannot, without more, amount to bad faith"); *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015) (finding that there were no "factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits" since the complaint merely established that the plaintiff disagreed with the insurer's offer).

While unreasonable settlement offers can be evidence of bad faith, Lopez does not include specific facts which would indicate *why* the $100,000.00 offer is unreasonable. For instance, one of the ways in which courts have determined whether a settlement offer is unreasonable is through lost wages and medical expenses. *Davis v. Nationwide Mutual Ins. Co.*, 228 F. Supp. 3d 386, 389-90 (E.D. Pa. 2017). Lopez's Complaint only vaguely avers that Lopez

---

[1] To the extent Lopez alleges bad faith because of a delay in tendering a settlement offer, he has failed to state a claim. The averred facts show that State Farm made Lopez an offer within two months of receiving his medical records. Compl. ¶¶ 31, 36. Two months is well within the timeframe that courts have held to be reasonable, especially considering that insurance investigations often take several months. *See Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *7 (M.D. Pa. Jan. 27, 2017) ("I am unable to find precedent supporting the proposition that an insurance company's investigation of a claim lasting three-and-a-half months is unreasonably lengthy"); *Robbins v. Metro. Life Ins. Co.*, No. 08-0191, 2008 WL 5412087, at *8 (E.D. Pa. Dec. 29, 2008) ("the four month delay is not, by itself, so unusual or unreasonable to indicate bad faith").

has "suffered other economic injury," "has been and will in the future be made to suffer lost earnings and other pecuniary loss," "has incurred and will continue to incur substantial medical expenses," "has been and will be in the future required to expend great sums of money for medical services," and "has incurred medical expenses and liens." Compl. ¶¶ 20, 21, 25, 28. Nowhere in the Complaint or the attached materials is an amount of lost wages or medical expenses given. *Cf Risk v. LM Gen. Ins. Co.*, No. CV 23-41, 2024 WL 1120396 (E.D. Pa. Mar. 14, 2024) (denying a motion to dismiss a bad faith claim premised on an unreasonably low claim valuation where the claimant's "injuries and medical treatments [were] well documented" in addition to her "alleged predicted future medical costs."). While Lopez lists his injuries, there are no facts to indicate what treatment he has undergone, save for a four-day hospital stay. Since Lopez has not provided the Court with a factual basis by which to judge the reasonableness of State Farm's offer, the bad faith claim will be dismissed. *See Hampton v. Progressive Ins. Co.*, No. CV 24-1011, 2024 WL 2301366 (E.D. Pa. May 21, 2024) (dismissing a bad faith claim where the claimant failed to plead facts as to the reasonableness of his insurer's action).

While the dismissal is without prejudice[2] and with leave to amend, the Court notes that any amended complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Rosenberg v. Amica Mut. Ins. Co.*, No. CV 18-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. CV 18-406, 2018 WL 4944372 (W.D. Pa July 30, 2018).

---

[2] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

## V. CONCLUSION

State Farm's Motion to Dismiss is granted because there are no factual averments in the Complaint to support a bad faith claim. Since amendments might remedy the Complaint's deficiencies, Count I is dismissed without prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge